UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JACQUELINE GRIER,

    Plaintiff,

    v.                                   Case No. 2:17-cv-111
                                          JUDGE JAMES L. GRAHAM
                                          Magistrate Judge Chelsey M. Vascura

BRYDEN MANAGEMENT, LLC, *et al.*

    Defendant.

## OPINION AND ORDER

This matter is before the Court upon Plaintiff's Motion for Sanctions Against Defendant Sarah Tucker and Defendants' Attorneys Melvin J. Davis and Ashley L. Johns ("Motion for Sanctions") (ECF No. 46). The motion is fully briefed and ripe for disposition. For the following reasons, the Motion for Sanctions is **GRANTED IN PART and DENIED IN PART**.

        **I.**        **BACKGROUND**

On June 29, 2018, Plaintiff moved for sanctions against Defendant Sarah Tucker and Defendant's counsel, Attorney Melvin Davis and Attorney Ashley Johns, pursuant to Fed. R. Civ. P. 37(b)(2)(C) for Defendant Tucker's failure to attend her May 18, 2018 deposition.

Plaintiff's counsel expressed many times to Defendant's counsel the need to take Defendant Martha Bennett's and Defendant Sarah Tucker's depositions on the same day. After considerable scheduling, cancellation, and rescheduling, Defendant Tucker and Bennett were set to be deposed on May 18, 2018. Defendant's counsel agreed to this date saying "Ms. Tucker indicated that she is available May 18 at 1p." in an email sent to Plaintiff's counsel on May 4,

2018. (ECF No. 46-8.) Plaintiff's counsel filed Defendant Tucker's Deposition Notice on May 7, 2018. On May 8, 2018, Defendants' counsel reiterated Defendant Tucker's availability, stating in an email to Plaintiff's counsel that "[w]e can depose Ms. Bennett in the morning and Ms. Tucker in the afternoon [of May 18, 2018]." (ECF No. 46-9.)

Unbeknownst to Plaintiff's counsel, Attorneys Davis and Johns were unable to reach Defendant Tucker after the May 7th Notice was filed. At no point during the period from May 7th to the day of the deposition did Attorneys Davis or Johns alert Plaintiff's counsel that they were unable to confirm the deposition date with Defendant Tucker. Attorneys Davis and Johns did not alert Plaintiff's counsel that they lost contact with Defendant Tucker until Plaintiff's counsel completed Defendant Bennett's deposition, the parties came back from lunch, and the court reporter was present. Defendants' counsel state in their opposition brief that "[u]nknown to Defendants' counsel, Ms. Tucker had trouble with her phone and did not receive the messages confirming her deposition date." (ECF No. 48 at 1.) However, they do not submit any affidavits or other evidence in support of this contention.

On May 21, 2018, Plaintiff's counsel asked Defendants' counsel to provide a substantial justification pursuant to Fed. R. Civ. P. 37 for Defendant Tucker's failure to appear at her deposition, absent which Plaintiff's counsel stated he intended to seek sanctions. (ECF No. 46-11.) Defendants' counsel responded that "[their] understanding is that she was without a phone and did not receive the notices about the deposition." (*Id.*) Defendant Tucker's deposition was eventually rescheduled and took place on June 15, 2018. Plaintiff's motion followed on June 29, 2018.

## II. STANDARD OF REVIEW

Rule 37(d)(1)(A)(i) of the Federal Rules of Civil Procedure permits a court to impose sanctions for a party's failure to appear at her properly noticed deposition. "The Sixth Circuit

has adopted a four-factor test to determine whether a district court's decision to impose sanctions under Rule 37 amounts to an abuse of discretion." *Merz v. Cincinnati Senior Care, LLC*, No. 1:14-CV-297, 2014 WL 6901720, at *1 (S.D. Ohio Dec. 5, 2014) (citing *Doe v. Lexington–Fayette Urban County Gov't,* 407 F.3d 755, 765–766 (6th Cir.2005)). Those factors include (1) whether the party against whom the sanction is sought has acted willfully, in bad faith, or with fault; (2) whether the movant was prejudiced; (3) whether the party against whom the sanction is sought was warned that sanctions could follow a failure to cooperate; (4) and whether less a drastic sanction is considered. *Doe v. Lexington–Fayette Urban County Gov't*, 407 F.3d 755, 765–66 (6th Cir. 2005). If the Court finds that sanctions for failure to appear at a properly-noticed deposition are appropriate, "the court *must* require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3) (emphasis added).

### III. DISCUSSION

The Court finds that sanctions are appropriately imposed against Defendants' counsel, but not against Defendant Tucker.

As to Attorneys Davis and Johns, the first factor weighs in favor of imposing sanctions. Defendants' counsel twice expressed to Plaintiff via email that Defendant Tucker was available on May 18, both before and after Plaintiff noticed Defendant Tucker's deposition. (ECF Nos. 46-8, 46-9.) Further, Attorneys Davis and Johns did not inform Plaintiff that they lost contact with Defendant Tucker immediately after Plaintiff filed Tucker's Deposition Notice. Defendants' counsel did not inform Plaintiff of their inability to reach Tucker at any point during the eleven-day period between the filing of the Notice and the scheduled deposition. Instead, Attorneys Davis and Johns waited until the first deposition of the day was finished, and the

3

second was set to begin.  This record is suggestive of bad faith conduct weighing in favor of imposing sanctions.

Factor two also weighs in favor of imposing sanctions.  A court reporter attended the deposition, which generated costs and fees associated with the untimely cancellation.  Additionally, Plaintiff's counsel attended the scheduled deposition, which generated attorney's fees.  Although the costs associated with Defendant Tucker's scheduled deposition may have been modest, those costs certainly prejudiced Plaintiff.  *E.g.*, *Merz*, 2014 WL 6901720, at *2 (defendant prejudiced by plaintiff's failure to appear at properly-noticed deposition).

Finally, factors three and four weigh in favor of imposing sanctions.  Although the parties dispute whether the Court warned that sanctions could follow absent adherence to the deposition schedule, this is not dispositive of Plaintiff's Motion.  Plaintiff is requesting only reasonable attorney's fees and expenses associated with Defendant Tucker's failure to attend her May 18, 2018 deposition, not dismissal; a specific warning from the Court that sanctions may follow is therefore unnecessary.  *See, e.g.*, *Merz*, 2014 WL 6901720, at *1–2 (S.D. Ohio Dec. 5, 2014) (imposing monetary sanctions without requiring a prior warning from the court); *Noble v. Cameron Mitchell Restaurants, LLC*, No. 2:04 CR 1121, 2005 WL 3113057, at *1 (S.D. Ohio Nov. 18, 2005) (same).  Further, the modesty of the requested sanctions makes it unnecessary to consider lesser sanctions prior to imposition.

The Court notes that Defendant Tucker's deposition eventually took place on June 15, 2018, and therefore Plaintiff's counsel was not prejudiced by preparing for Defendant Tucker's May 18 deposition.  Accordingly, sanctions against Attorneys Davis and Johns will be limited to attorney's fees and costs associated with the Plaintiff's counsel's and the court reporter's attendance at the scheduled, but untimely cancelled, May 18 deposition.

4

Finally, the record does not reflect bad faith on the part of Defendant Tucker. Her counsel asserts, and Plaintiff has not offered evidence to counter, that she was unaware of her scheduled deposition on May 18 due to problems with her phone. At most, the record reflects that Ms. Tucker's counsel confirmed the deposition date with Plaintiff without ever confirming it with Ms. Tucker. Because there is no evidence that Ms. Tucker willfully failed to appear for her deposition, sanctions against her are not appropriate.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Sanctions (ECF No. 46) is **GRANTED IN PART and DENIED IN PART**. No sanctions are awarded against Defendant Tucker. Attorneys Davis and Johns are responsible for reimbursing Plaintiff for the reasonable attorney's fees and costs associated with attendance at Defendant Tucker's cancelled deposition. The parties are encouraged to reach an agreement regarding the appropriate amount of fees to be awarded. If the parties are unable to reach such an agreement, Plaintiff shall submit documentation of all such fees and costs requested **within 14 days of this Order**.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE